UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES KENNEDY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY HATFIELD, Administrative Law Judge; BRADFORD D. MYLER, Attorney; ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　　Defendants. | Case No.:  20cv395-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND DENYING DEFENDANTS' MOTION TO DISMISS FOR INADEQUATE SERVICE OF PROCESS**<br><br>[Doc. Nos. 9, 11, 13, 15.] |

On March 2, 2020, plaintiff Matthew James Kennedy filed a Complaint seeking an order requiring the Social Security Administration to pay $900 to his former attorney, Bradford D. Myler ("Attorney Myler"), and an award of damages in the amount of $7,500. [Doc. No. 1, at pp. 1, 3.]  Before the Court are two Motions to Dismiss. The first Motion to Dismiss was filed by Attorney Myler [Doc. No. 9], and the second Motion to Dismiss was filed by defendant Jeffrey Hatfield, an Administrative Law Judge ("ALJ Hatfield"), and defendant Commissioner of Social Security (the "Commissioner") [Doc. No. 11].

/ / /

/ / /

Plaintiff did not file an opposition to either of these Motions. Instead, plaintiff first filed a Motion to Continue seeking an order continuing Attorney Myler as a defendant. [Doc. No. 13.] Plaintiff then filed a second Motion to Continue seeking an order continuing Attorney Myler, ALJ Hatfield, and the Commissioner as defendants in this action.[1] [Doc. No. 15.] For the reasons outlined more fully below, the Court finds that defendants' Motions to Dismiss must be GRANTED [Doc. Nos. 9, 11], and the Complaint must be dismissed without leave to amend for lack of subject matter jurisdiction.

### *Plaintiff's Complaint and the Attached Exhibits*

In his Complaint, plaintiff alleges he contacted Attorney Myler in April 2018 to represent him in his social security case. [Doc. No. 1, at p. 2.] However, when it was time for the hearing, Attorney Myler was allegedly unable to represent plaintiff. Therefore, plaintiff claims he notified Attorney Myler that he had been dismissed from the case. Plaintiff then hired another attorney to represent him in his social security case, and a favorable outcome was achieved. [Doc. No. 1, at p. 2.]

The Complaint further alleges that the Social Security Administration paid plaintiff's new attorney $8,127 to cover the legal fees in his case and that ALJ Hatfield ruled plaintiff would also have to pay $900 to Attorney Myler. [Doc. No. 1, at pp. 2-3.] In support of this allegation, plaintiff attached to this Complaint a copy of a form dated January 5, 2020 and entitled Authorization to Charge and Collect Fees. This form is signed by ALJ Hatfield and is addressed to Attorney Myler. A copy of the form is also addressed to plaintiff. The form states that Attorney Myler is authorized to charge and collect a fee for services from plaintiff in the amount of $900.00 and includes the following explanation:

---

[1]   Based on their content, the Court has construed plaintiff's Motions to Continue as oppositions to defendants' Motions to Dismiss. [Doc. Nos. 13, 15.]

> Although the claimant objected to your fee petition, your requested fee was not unreasonable in light of the work you achieved on behalf of the claimant. While you did not represent the claimant at the hearing, you reviewed the file and timely requested reconsideration of the initial determination. After receipt of the reconsideration determination, you timely requested a hearing before an Administrative Law Judge. At the hearing level, you submitted medical records from several medical sources. Based on the foregoing, the authorized amount fairly compensates you for the work you performed.

[Doc. No. 1-2, at p. 1.]

The Authorization form also advises plaintiff he could challenge the fee award "**within 30 days from the date of this notice**." [Doc. No. 1-2, at p. 1 (emphasis in original).] The Authorization form further advises plaintiff that his reasons for disagreeing with a fee award must be stated in a request for review. [Doc. No. 1-2, at pp. 1.]

Next, the Complaint alleges plaintiff learned on February 20, 2020 that the Social Security Administration does not pay fees to an attorney who withdraws prior to the end of the case. [Doc. No. 1, at p. 2.] In this regard, a February 20, 2020 letter addressed to plaintiff from the Social Security Administration is attached to the Complaint. This letter explains as follows: "The law does not permit payment of a fee by [the Social Security Administration] when a representative or claimant withdraws his/her services prior to a favorable decision. Therefore, the Social Security Administration is not involved in paying the fee. This is a matter between you and your representatives." [Doc. No. 1-2, at p. 3.]

## *Discussion*

### I. *The Parties' Motions*.

Attorney Myler's Motion to Dismiss argues that the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Alternatively, Attorney Myler contends he should be dismissed as a defendant, because the allegations in the Complaint do not arise out of any actions he has taken. Rather, the

allegations in the Complaint arise out of actions or inactions by the Social Security Administration. [Doc. No. 9, at pp. 2-3.] The Motion to Dismiss filed by ALJ Hatfield and the Commissioner argues that the Complaint should be dismissed for lack of jurisdiction and for inadequate service of process. [Doc. No. 11, at pp. 3-5.]

In his Motions to Continue, which are essentially oppositions to defendants' Motions to Dismiss, plaintiff argues that the Court should not dismiss any of the defendants and should not dismiss the Complaint. According to plaintiff, the fee dispute alleged in the Complaint is within the Court's jurisdiction under 42 U.S.C. § 406, because it is an appeal of a "judgment" issued by ALJ Hatfield and because his Complaint was timely filed in this Court. [Doc. No. 13, at p. 2; Doc. No. 15, at pp. 1-2.] For the reasons outlined below, the Court cannot agree with plaintiff's contention that the Court has jurisdiction under Section 406 to consider the merits of the allegations in his Complaint.

## II.     Jurisdiction.

### A.     Applicable Standards.

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge a Federal Court's subject matter jurisdiction based on allegations on the face of the complaint. Fed.R.Civ.P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). To resolve a facial challenge to subject matter jurisdiction, the Court accepts the plaintiff's allegations as true; draws "all reasonable inferences in the plaintiff's favor;" and then determines whether there are adequate allegations to invoke the Court's jurisdiction. *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).

"The United States, as a sovereign, is immune from suit unless it has waived its immunity." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id.* "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Id.* "A

waiver of sovereign immunity by the United States must be expressed unequivocally." *Id.*

Title 42, United States Code, Section 405(g), limits the Court's jurisdiction in social security matters to review of "any final decision of the Commissioner of Social Security made after a hearing. . . ." 42 U.S.C. § 405(g).  A decision of the Commissioner is only final within the meaning of 42 U.S.C. § 405(g) after a request is made of the Appeals Council to review the decision of an ALJ and the request for review has been heard or refused.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Here, plaintiff is not challenging a final decision of the Commissioner within the meaning of Section 405(g).  Instead, the allegations in plaintiff's Complaint involve a dispute with ALJ Hatfield and the Commissioner over attorney's fees awarded to his former attorney.  As outlined more fully below, statutory law and regulations provide a separate procedure for challenging an ALJ's award of attorney's fee in matters before the Commissioner, and any such disputes are not subject to review by Federal Courts.

Title 42, United States Code, Section 406(a), states in part as follows: "[W]henever the Commissioner of Social Security, in any claim before the Commissioner for benefits . . . , makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim." 42 U.S.C. § 406(A).  Once the amount of the attorney's fee is fixed, the attorney and the claimant are provided with a written notice that includes "a description of the procedures for review . . . ." 42 U.S.C. § 406(a)(2)(A)-(D)(iii); 20 C.F.R. § 404.1720(c).  In this regard, Section 406(a)(3) sets for the procedures for review:  either the attorney or the claimant may submit a written request for the Commissioner to review the amount of the fee award within 30 days of the date of the notice.  42 U.S.C. § 406(a)(3)(A); 20 C.F.R. § 404.1720(d).

When a request for review is submitted, the amount of attorney's fees is then reviewed by an authorized official, and this official can either affirm or modify the award

of attorney's fees. 42 U.S.C. § 406(a)(3)(B)(i); 20 C.F.R. § 404.1720(d)(1). An untimely request for review will be considered if there is good cause for not submitting the request on time. 20 C.F.R. § 404.1720(d)(1). "***The decision of the administrative law judge or other person conducting the review shall not be subject to further review***." 42 U.S.C. § 406(a)(3)(C); 20 C.F.R. § 404.1720(d)(1) (emphasis added).

In sum, "Section 406(a) grants the Social Security Administration exclusive jurisdiction to award attorney's fees for representation of a Social Security claimant in proceedings before the Administration." *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008). Accordingly, this Court does not have jurisdiction to review the attorney's fee dispute alleged in the Complaint. For this reason, the Court finds that defendants' Motions to Dismiss for lack of subject matter jurisdiction must be GRANTED.

Defendants contend that plaintiff's Complaint should be dismissed without leave to amend, because the jurisdictional defects in the Complaint cannot be cured by amendment. [Doc. No. 11, at p. 5.] "Ordinarily a court should grant leave to amend unless it finds that amendment of the claim would be futile." *Ard v. F.D.I.C.*, 770 F. Supp. 2d 1029, 1041 (C.D. Cal. 2011). "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). "The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims." *Conant v. Brown*, 248 F. Supp. 3d 1014, 1018 (D. Or. 2017).

Here, plaintiff has not requested leave to amend. Nor does it appear possible for plaintiff to amend the allegations in his Complaint to establish subject matter jurisdiction. Although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be granted "freely" and "when justice so requires," statutory law and regulations clearly indicate that disputes over attorney's fees in matters before the Commissioner can only be reviewed by an official authorized by the Commissioner and are not subject to any further review by the Federal Courts. Accordingly, the Court finds it would be futile to grant plaintiff leave to amend his Complaint.

II. *Service of Process.*

Referring to a proof of service at "Dkt. 1" (*i.e.*, the Complaint), ALJ Hatfield and the Commissioner argue that this action should be dismissed, because plaintiff did not satisfy the requirements for serving a United States agency and agency employees that are set forth in Federal Rule of Civil Procedure 4(i)(2). According to defendants, the proof of service only indicates plaintiff mailed the Summons "to unidentified recipients." [Doc. No. 11, at p. 5.] However, the Court is unable to locate a copy of the referenced Summons in the record. Under these circumstances, the Court is unable to determine whether plaintiff satisfied the service requirements in Rule 4. Therefore, at this time, the Court finds that defendants' Motion to Dismiss must be DENIED to the extent it seeks dismissal of the case based on inadequate service.

## *Conclusion*

Based on the foregoing, defendants' Motions to Dismiss are GRANTED in part and DENIED in part. [Doc. Nos. 9, 11.] The Motions are GRANTED as to all defendants to the extent they seek dismissal of plaintiff's Complaint for lack of subject matter jurisdiction. The Motion of ALJ Hatfield and the Commissioner is DENIED to the extent it seeks dismissal of the Complaint for inadequate service of process.

Plaintiff's Motions to Continue, which the Court has construed as oppositions to defendants' Motions to Dismiss, are also DENIED for the reasons outlined above. [Doc. Nos. 13, 15.]

Plaintiff's Complaint is dismissed without leave to amend, and the Court DIRECTS the Clerk of Court to terminate this action as to all defendants.

IT IS SO ORDERED.

Dated: July 6, 2020

Hon. Karen S. Crawford
United States Magistrate Judge